IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER
*Electronically Filed*

| | |
|---|---|
| JINKS HARTSFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 4:18-CV-00069 |
| | ) |
| UNITED PARCEL SERVICE, INC. | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT UNITED PARCEL SERVICE, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES OR, IN THE ALTERNATIVE, DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE HIS CLAIMS**

Defendant United Parcel Service, Inc. ("UPS"), by counsel and pursuant to Fed. R. Civ. P. 37(a)(3)(B), moves this Court to compel Plaintiff Jinks Hartsfield to respond to its First Set of Interrogatories and Requests for Production of Documents. Alternatively, UPS requests the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, for failing to prosecute his claims and for not complying with the federal rules or the Court's Scheduling Order. In support of its Motion, UPS states as follows:

Plaintiff filed a Complaint on November 16, 2018, and alleged UPS violated Title VII, Section 1981, and the Tennessee Human Rights Act. [DE 1, at 2.] He claims UPS discriminated against him on account of his race and also retaliated against him. [*Id.* at 3.] UPS filed its Answer on March 13, 2019, and denied Plaintiff's allegations of discrimination and retaliation. [DE 8.] Since then, Plaintiff has failed to prosecute his claims and now has frustrated UPS' ability to defend itself by completely failing to respond to its discovery requests.

On June 10, 2019, UPS served Plaintiff with its First Set of Interrogatories and Requests for Production of Documents[1] by U.S. mail and electronic mail. [Exhibit B.] Pursuant to Rules 6, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff's responses were due no later than July 15, 2019. Plaintiff did not respond. On July 26, 2019, the undersigned e-mailed Plaintiff about the late responses. [Exhibit C.] Plaintiff did not respond. The undersigned e-mailed Plaintiff again on July 29, 2019, and noted, "[i]t is important that you contact me regarding your responses. I am attempting to avoid involving the Court on this matter and I hope we can get it resolved." [Exhibit D.] Plaintiff did not respond. On July 31, 2019, the undersigned e-mailed Plaintiff about the continued failure to respond and advised that UPS' counsel would contact the Court if he did not respond. [Exhibit E.] Plaintiff did not immediately respond.

On August 6, 2019, UPS' counsel sent a letter to Plaintiff by certified mail, regular mail, and e-mail. [Exhibit F.] The letter states, in part, "we have tried to be patient in allowing you additional time to respond, despite the fact that you have not made any contact with us to request additional time. At this point, however, we need to obtain the responses so that we can proceed with our defense of the case." [*Id.*] UPS' counsel advised Plaintiff that if it did not receive his discovery responses or contact from him by August 16, 2019, UPS would file a motion to dismiss for lack of prosecution. [*Id.*] In the e-mail attaching the letter and another copy of UPS' discovery requests, UPS' counsel warned, "if we do not receive the responses or some contact from you by Friday, August 16, 2019, we will have no option but to seek dismissal of the lawsuit for failure to prosecute the claims. We are willing to work cooperatively, but to date, you have been totally unresponsive." [Exhibit G.]

---

[1] Pursuant to LR 37.2, copies of UPS' First Set of Interrogatories and Requests for Production of Documents are attached as Exhibit A.

On August 14, 2019, Plaintiff finally contacted the undersigned counsel by e-mail, using the same e-mail address UPS used to attempt to contact him. [Exhibit H.] The e-mail states, "I am currently in the process of getting the necessary documents requested from your office. I understand the severity of this matter and I am trying to clear up some time to get this issue resolved." [*Id.*] The undersigned counsel responded to Plaintiff on August 15, 2019, and provided Plaintiff an additional two (2) weeks to respond to UPS' discovery requests. [Exhibit I.][2] This made Plaintiff's responses due on or before August 29, 2019. Plaintiff did not produce any responses and has made no contact with UPS' counsel to discuss an additional extension.

Plaintiff's responses are now two months overdue and his failure to respond is preventing UPS from defending itself against his allegations. As of the filing of this Motion, Plaintiff has not filed or produced anything in this lawsuit outside of his Complaint. Notably, Plaintiff also failed to provide initial disclosures in accordance with Fed. R. Civ. P. 26 and the Court's Scheduling Order [DE 13].[3] Thus, as an alternative to granting this Motion, the Court should dismiss Plaintiff's Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 41(b), which permits dismissal when, "the plaintiff fails to prosecute or to comply with these rules or a court order…." Here, Plaintiff has failed to prosecute his claims and has not complied with the federal rules or the Court's Scheduling Order.

Further, Plaintiff's pro se status does not alter his duty to respond to UPS' discovery requests or comply with the federal rules. "Pro se litigants, like any other litigants, must comply with the Federal Rules of Civil Procedure." *Blackmond v. UT Med. Group, Inc.*, No. 02-2890

---

[2] Exhibits A through I are true and accurate copies. [*See* Affidavit of Travers B. Manley, Exhibit J.]

[3] Additionally, as noted in the Report of the Parties' Planning Meeting [DE 16, at 1], UPS' counsel attempted to reach Plaintiff by phone and email on April 26, 2019 for him to review and approve the report, but UPS did not hear back from him prior to filing.

3

MaV, 2003 U.S. Dist. LEXIS 18572, at *3-4 (W.D. Tenn. Sept. 17, 2003)[4] (citing *Feinstein v. Moses*, 951 F.2d 16, 20 (1st Cir. 1991)). Plaintiff's complete disregard for the federal rules cannot continue as it has become prejudicial to UPS and its defense.

Therefore, in accordance with Fed. R. Civ. P. 37(a)(3)(B), UPS requests the Court compel Plaintiff to respond to its First Set of Interrogatories and Requests for Production of Documents fully and without objection. Alternatively, UPS requests the Court dismiss Plaintiff's Complaint in its entirety with prejudice pursuant to Fed. R. Civ. P. 41(b).

Respectfully submitted,

Joseph N. Tucker
Dinsmore & Shohl LLP
101 S. Fifth Street, Suite 2500
Louisville, KY 40202
502-540-2300 – phone
502-585-2207 – fax
joseph.tucker@dinsmore.com

Charles M. Roesch (*Pro hac vice*)
Dinsmore & Shohl LLP
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
513-977-8178 – phone
513-977-8141 – fax
chuck.roesch@dinsmore.com

/s/ Travers B. Manley
Travers B. Manley (*Pro hac vice*)
Dinsmore & Shohl LLP
100 W. Main Street, Suite 900
Lexington, KY 40507
859-425-1000 – phone
859-425-1099 – fax
travers.manley@dinsmore.com
*Counsel for United Parcel Service, Inc.*

---

[4] Copy of case attached as Exhibit K.

4

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served via U.S. mail and e-mail on this the 17th day of September, 2019, upon the following:

Jinks Hartsfield IV
206 White Oak Street
Tullahoma, TN 37388
Silver86montess@gmail.com
*Pro se* Plaintiff

                                    /s/ Travers B. Manley
                                    *Counsel for United Parcel Service, Inc.*

15293712.1