UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JINKS HARTSFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 4:18-cv-00069 |
| v. ) | |
| ) | Judge Jordan/Steger |
| UNITED PARCEL SERVICE, INC. ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant United Parcel Service, Inc.'s Motion to Dismiss for Failure to Comply with the Federal Rules and Court Order ("Defendant's Motion to Dismiss") [Doc. 22]. For reasons that follow, the undersigned will recommend that the motion be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE**.

By way of background, Defendant had previously filed a Motion to Compel Discovery Responses or, in the Alternative, Dismiss Plaintiff's Complaint for Failure to Prosecute His Claims ("Motion to Compel Discovery") [Doc. 18]. The Court held a hearing on that motion on Thursday, October 10, 2019. Attorney Travers B. Manley appeared on behalf of Defendant. Plaintiff did not appear on his own behalf although a notice of hearing had been mailed to him. At that point, Plaintiff had not made initial disclosures and had not responded to the written discovery propounded to him by Defendant, although both were long overdue. Following the hearing, the Court granted Defendant's Motion to Compel Discovery and ordered Plaintiff to fully respond to Defendant's first set of interrogatories and requests for production of documents by November 12, 2019. The order further provided that, "[s]hould Plaintiff fail to comply with this Order by

November 12, 2019, the Court will enter a report and recommendation that his lawsuit should [be] dismissed for failure to prosecute."

On November 12, 2019, Plaintiff did finally provide some information in response to Defendant's discovery requests; however, Plaintiff did not fully respond to the written interrogatories or requests for production; he failed to produce documents with his responses that he identified as being responsive and as being "attached"; and he failed to verify his interrogatory responses. Defendant notified Plaintiff in writing on November 25, 2019, that it would file a motion to compel if he failed to supplement his written discovery responses. Plaintiff did not respond to Defendant's letter, nor did he supplement his discovery responses. As a result, Defendant filed the present Motion to Dismiss [Doc. 22].

The Court has reviewed Plaintiff's responses to Defendant's interrogatories and requests for production of documents [Doc. 22-3]. With respect to Plaintiff's interrogatory responses, the information provided by Plaintiff in response to the interrogatories is sparse and appears not to be fully responsive; however, it is difficult to ascertain precisely how incomplete it is without having an opportunity to question Plaintiff about the extent to which additional responsive information exists. The Court does note that Plaintiff made reference in his interrogatory responses to information contained in certain documents and indicated that those documents were attached to the responses, but the documents were never produced to Defendant.

With respect to Plaintiff's responses to Defendant's request for production of documents, such responses are wholly inadequate because Plaintiff has completely failed to respond to some of the questions; has indicated that he is in the process of gathering some documents in response to others; and has yet to produce any documents to Defendant despite the fact that the discovery requests were served on Plaintiff more than seven months ago.

In its October 11, 2019 order [Doc. 21], the Court directed that "Plaintiff Jinks Hartfield shall fully respond to Defendant's First Set of Interrogatories and Requests for Production of Documents by November 12, 2019," and warned that the sanction for failure to do so would be a recommendation to the District Judge that "his lawsuit should [be] dismissed for failure to prosecute" [Doc. 21]. Despite this clear admonition to Plaintiff, he failed to fully respond to the Defendant's discovery requests, and then steadfastly refused to communicate with Defendant about supplementing his responses. Fed. R. Civ. P. 37 governs the Court's actions when a party fails to cooperate in discovery. In determining whether a motion for an order compelling discovery should be granted and sanctions imposed, Fed. R. Civ. P. 37(a)(4) specifically provides, "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." The Court finds that Plaintiff's responses to discovery are incomplete and will be treated as a failure to respond.

The undersigned set a hearing on the Motion to Compel on October 10, 2019 [Doc. 19], and again on the Motion to Dismiss on February 11, 2020 [Doc. 25]. Because Plaintiff is pro se, the Clerk's office mailed hard copies of the notices of hearings to Plaintiff at the home address he provided to the Clerk, "Jinks Hartsfield, 206 White Oak Street, Tullahoma, TN 37388." [*See* Docs. 19 and 25]. The notices specifically provide, "Should it be impossible for counsel to participate in the hearing on the scheduled date and time, counsel should contact Magistrate Judge Steger's chambers at steger_chambers@tned.uscourts.gov." Plaintiff did not appear at either hearing, nor did he call the Clerk's office or the undersigned to request that the hearings be rescheduled. He simply ignored the notifications and failed to appear in Court or otherwise respond to Defendant's Motion to Compel [Doc. 18] and Motion to Dismiss [Doc. 22].

The Court entered an order governing discovery on October 11, 2019. The Court finds that Plaintiff failed to comply with that order. Fed. R. Civ. P. 37(b) sets forth the applicable sanctions for failure to comply with a court order governing discovery:

**(b) Failure to Comply with a Court Order.**

\* \* \*

**(2) Sanctions Sought in the District Where the Action is Pending.**

(A) *For Not Obeying a Discovery Order*. If a party . . . fails to obey an order to provide or permit discovery, including an order under . . . 37(a), the court where the action is pending may issue further just orders. They may include the following:
(i) Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) Striking pleadings in whole or in part;
(iv) Staying further proceedings until the order is obeyed;
**(v) Dismissing the action or proceeding in whole or in part;**
(vi) Rendering a default judgment against the disobedient party; or
(vii) Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b) (emphasis added).

Dismissal of an action is an appropriate sanction under Rule 37 where a plaintiff fails to cooperate in discovery. *See e.g., United States v. Reyes,* 307 F.3d 451, 457 (6th Cir. 2002); *see also*, Fed. R. Civ. P. 37(b)(2)(A)(v). In determining whether to dismiss an action as a sanction under Rule 37(b)(2), a court should consider the following factors:

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wisconsin Central Ltd*, 924 F.3d 831, 837 (6th Cir. 2019); *see also Knoll v. Am. Tel. & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999). Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious (i.e., stubbornly disobedient) conduct. *Mager*, 924 F.3d at 837; *United States v. Reyes,* 307 F.3d 451, 458 (6th Cir. 2002); *see also, Harmon v. CSX Transp., Inc*., 110 F.3d 364, 366-367 (6th Cir. 1997).

Defendant's counsel and the Court provided Plaintiff ample opportunity to fulfill his discovery obligations. Plaintiff failed to fully respond to Defendant's discovery requests; failed to offer any explanation for his incomplete responses; failed to respond to counsel's correspondence to him; failed to appear in Court for two scheduled hearings; and failed to contact the Court to offer any explanation for his absences from those hearings. The Court finds that Plaintiff's failure to cooperate in discovery is willful; that it has prejudiced Defendant's ability to perform discovery, evaluate the legal and factual issues in this case, adhere to the Court's Scheduling Order, and determine whether a summary judgment motion is merited; and that Plaintiff was warned that his failure to cooperate in discovery could lead to dismissal of his case. The undersigned has considered whether a less drastic sanction should be imposed. The guidance given to judges, attorneys and litigants in the Federal Rules of Civil Procedure, as summarized in relevant part in Fed. R. Civ. P. 1, is that they "should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." It is impossible for the Court to accomplish the laudable goal set forth in Rule 1 if Plaintiff refuses to respond to the opposing counsel's letters, emails and phone calls; refuses to file written responses to motions; and refuses to appear in court when the Court notices him to do so. Consequently, the undersigned has concluded that dismissal of the case is the appropriate sanction for Plaintiff's unwillingness or inability to prosecute his lawsuit.

For the following reasons, it is hereby **RECOMMENDED**[1] that:

1. Defendant United Parcel Service, Inc.'s Motion to Dismiss for Failure to Comply with the Federal Rules and Court Order [Doc. 22] be **GRANTED**;

2. Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v); and

3. Each party shall bear his or its own attorney fees and costs in connection with this lawsuit.

**ENTER**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).